13-1401-cv (L)
*Verizon New York, Inc., et al., v. Jewish People for the Betterment of Westhampton Beach*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March,, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges*,
                    RONNIE ABRAMS,
                              *Judge*.*

_____

VERIZON NEW YORK INC., LONG ISLAND LIGHTING COMPANY, AKA LIPA,

                    *Plaintiffs - Counter-Defendants - Appellees*,

EAST END ERUV ASSOCIATION, INC., Marvin TENZER, Morris TUCHMAN, Clinton GREENBAUM, Alan H. SCHECHTER, Carol SCHECHTER,

                    *Plaintiffs - Appellees*,                    **13-1401 (Lead)**
                                                                                  **13-1417 (Con)**

_____

* Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

v.

JEWISH PEOPLE FOR THE BETTERMENT OF WESTHAMPTON
BEACH,

*Movant - Appellant*,

VILLAGE OF WESTHAMPTON BEACH, Conrad TELLER, individually and in
his official capacity as Mayor of the Village of Westhampton Beach, Toni-Jo
BIRK, Leola FARRELL, Joan S. LEVAN, Hank TUCKER, each individually and in
their official capacities as Trustees of the Village of Westhampton Beach,
VILLAGE OF QUOGUE, Peter SARTORIUS, individually and in his official
capacity as Mayor of the Village of Quogue, Randy CARDO, Jeanette OBSER,
Kimberley PAYNE, Ted NECARSULMER, each individually and in their official
capacities as Trustees of the Village of Quogue, TOWN OF SOUTHAMPTON,
Anna THRONE-HOLST, individually and in her official capacity as Supervisor
of the Town of Southampton, Nancy S. GRABOSKI, Christopher R. NUZZI,
James W. MALONE, Bridget FLEMING, each individually and in their official
capacities as members of the Town Council of the Town of Southampton, Toni-Jo
BIRK, Leola FARRELL, Joan S. LEVAN, Hank TUCKER, each individually and in
their official capacities as Trustees of the Village of Westhampton Beach,
VILLAGE OF QUOGUE, Peter SARTORIUS, individually and in his official
capacity as Mayor of the Village of Quogue, Randy CARDO, Jeanette OBSER,
Kimberley PAYNE, Ted NECARSULMER, each individually and in their official
capacities as Trustees of the Village of Quogue, TOWN OF SOUTHAMPTON,
Anna THRONE-HOLST, individually and in her official capacity as Supervisor
of the Town of Southampton, Nancy S. GRABOSKI, Christopher R. NUZZI,
James W. MALONE, Bridget FLEMING, each individually and in their official
capacities as members of the Town Council of the Town of Southampton,
VILLAGE OF QUOGUE, Peter SARTORIUS, individually and in his official
capacity as Mayor of the Village of Quogue, Randy CARDO, Jeanette OBSER,
Kimberley PAYNE, Ted NECARSULMER, each individually and in their official
capacities as Trustees of the Village of Quogue, TOWN OF SOUTHAMPTON,
Anna THRONE-HOLST, and in her official capacity as Supervisor of the Town of
Southampton, Nancy S. GRABOSKI, Christopher R. NUZZI, James W.

2

MALONE, Bridget FLEMING, each individually and in their official capacities as members of the Town Council of the Town of Southampton,

*Defendants.***

---

| | |
|---|---|
| FOR APPELLANT: | JONATHAN SINNREICH (Timothy F. Hill, *on the brief*) Sinnreich Kosakoff & Messina LLP, Central Islip, NY |
| FOR APPELLEES Verizon New York Inc., *et al.* | ERICA S. WEISGERBER, Debevoise & Plimpton LLP, New York, NY, (Michael E. Wiles, Debevoise & Plimpton LLP, New York, NY, Zachary Murdock, Lazer Aptheker Rosella & Yedid PC, Melville, NY, *on the brief*) |
| FOR APPELLEES East End Eruv Association, *et al.* | YEHUDAH L. BUCHWEITZ (Robert G. Sugarman, *on the brief*), Weil Gotshal & Manges LLP, New York, NY |

---

Appeal from the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of the district court be and hereby

is **AFFIRMED.**

Movant, Jewish People for the Betterment of Westhampton Beach, (a.k.a.

Jewish People Opposed to the Eruv, hereinafter "JPOE") appeals from an order

---

** The Clerk of the Court is directed to amend the official caption as set forth above.

3

denying its motion to intervene in two separate suits in the United States District Court for the Eastern District of New York.

The East End Eruv Association ("EEEA") seeks to build an "eruv," a symbolic Jewish enclosure, in several Long Island communities. To this end, EEEA contracted with Verizon New York, Inc., the local phone company, and Long Island Power Authority ("LIPA"), the local power company, for the right to use their utility poles and public rights of way in the erection of the eruv. Several municipalities in which the eruv is to be located then threatened action against Verizon and LIPA pursuant to various local ordinances.

Subsequently, EEEA sued the municipalities alleging, *inter alia*, that their attempt to block the eruv violated the Free Exercise Clause. Verizon and LIPA also sued the municipalities seeking a declaratory judgment resolving their conflicting obligations to the municipalities and EEEA. The municipalities answered, and have argued that the enforcement of their ordinances does not violate EEEA's Free Exercise rights, but that the eruv's presence on public rights of way would violate the Establishment Clause. JPOE has now moved to intervene as a defendant in both actions, seeking to assert the same Establishment Clause argument. Following briefing and a short oral hearing, the

4

district court denied JPOE's motion from the bench and confirmed its ruling in a docket entry. JPOE now appeals this order.

The record makes clear several reasons for the district court's ruling. We are free to affirm based on any of these. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999). Among these justifications for the denial of JPOE's motion is that JPOE and the municipal defendants make the same arguments and have the same objective. "Where there is an identity of interest, as here, [between a current party to the litigation and the intervenor] the [intervenor] must rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001). Since JPOE has failed to show why the municipal defendants do not adequately represent any interest it may have in the case, we affirm.

For the reasons stated above, the order of the district court is **AFFIRMED** with costs to all appellees.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk